UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSEPH GUY,<br><br>    *Petitioner,*<br><br>v.<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO,<br><br>    *Respondent.* | Case No. 1:26-mc-00008<br><br>Underlying case: *American Federation of Government Employees, AFL-CIO et al. v. Trump et al.*, No. 25-cv-3698-SI (N.D. Cal.) |

## EMERGENCY MOTION BY NON-PARTY JOSEPH GUY TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

Joseph Guy—a resident of the Eastern District of Virginia, a former government employee, and a non-party to the underlying litigation—has never been served with the subpoena that purports to subject him to the jurisdiction of the Northern District of California. And yet, that court "deemed" the subpoena to have been served, issuing an order at 8:55 p.m. EDT on Friday, May 1, 2026, for Mr. Guy to appear for a deposition *the following Monday*, to bring his personal cell phone to that deposition, and to submit his personal cell phone to a government search by Department of Justice attorneys prior to that deposition. Mr. Guy's due process and Fourth Amendment rights have been offensively violated, and those violations continue, requiring immediate relief. Not only did Mr. Guy sit for nearly seven hours of on-the-record examination on May 4, under threat of contempt, the Court has now ordered that he submit to *another half day of deposition* on **May 8**.

Mr. Guy respectfully moves this Court on an emergency basis, pursuant to Federal Rule of Civil Procedure 45(d)(3), to quash the deposition subpoena

1

purportedly served on him in connection with the underlying action pending in the Northern District of California, for a protective order under Rule 26(c) prohibiting any further compelled deposition testimony or search of his personal property pursuant to that subpoena, and for the preservation and return—or at least designation as confidential—any documents or data obtained from his phone in violation of the Fourth Amendment.

## I.    Introduction

This Motion presents a straightforward, but urgent, question: may a California federal court compel a non-party private citizen, who resides in Virginia, to appear for deposition and surrender his personal cell phone for a government search, when no Rule 45 subpoena has ever been served on him, when government counsel expressly disclaimed authorization to accept service on his behalf, and when he was given no opportunity to be heard before the issuing court entered an order compelling his compliance?

The answer is no. The Northern District of California's May 1, 2026 Order (the "Order") "deems" service complete based on an email exchange between plaintiffs' counsel and Department of Justice attorneys—lawyers who *explicitly told plaintiffs in writing* that they were not authorized to accept service on Mr. Guy's behalf. The Order then goes further still, commanding Mr. Guy—a non-party private citizen—to bring his personal cell phone to the deposition and submit it to a search by DOJ attorneys, who do not represent him.

The Order violates Rule 45's mandatory service requirements, exceeds the issuing court's territorial reach over a Virginia resident, infringes Mr. Guy's Fourth Amendment rights against unreasonable searches and seizures, and was entered ex parte without notice or any opportunity to be heard. This Court—the court of compliance for the subpoena—is the proper forum to quash the subpoena under

Rule 45(d)(3), and Mr. Guy respectfully requests that it do so before the May 8, 2026 continued deposition.

## II.    Factual Background

1.    Mr. Guy is a private citizen residing in the Eastern District of Virginia. Decl. of Joseph Guy at ¶¶ 1–2. Until April 30, 2026, he was employed by the United States Department of State. Decl. of Joseph Guy at ¶ 1.

2.    On or around April 23, 2026, plaintiffs in the underlying N.D. Cal. action emailed the Department of Justice to notice the witness deposition of Mr. Guy for May 4, 2026. At that time, as a federal employee, Mr. Guy could be compelled to appear pursuant to a deposition notice served on government counsel.

3.    On April 24, DOJ informed plaintiffs' counsel that Mr. Guy's last day of federal employment would be April 30, 2026, and that, after that date, he would no longer be subject to compulsion via a Rule 30 notice served on the government. DOJ advised that plaintiffs would need to serve a Rule 45 subpoena on Mr. Guy personally.

4.    Plaintiff's counsel then waited three days, and on April 27, emailed a proposed Rule 45 subpoena to DOJ attorneys and asked them to confirm that they were accepting service of the subpoena on Mr. Guy's behalf. Ex. 1.

5.    DOJ responded the next day, making it clear that it would *only* be representing the government's interests at the deposition and that Mr. Guy did not have personal counsel. DOJ did not accept service of the subpoena, nor could they, because Mr. Guy *never* gave any attorney at DOJ authority to accept a Rule 45 subpoena on his behalf. Decl. of Joseph Guy at ¶ 7.

6.    Later that day, plaintiffs' counsel sent an email purporting to thank DOJ for accepting service of the subpoena on behalf of Mr. Guy—a blatant mischaracterization of what DOJ actually said.

7.      On April 29, DOJ promptly corrected the record, emailing Plaintiffs' counsel with an explicit and unambiguous denial that they had accepted service of the subpoena, and explicitly—and correctly—stated that they did not have authority to accept that subpoena.

8.      The Rule 45 subpoena was never served on Mr. Guy personally—not by hand delivery, not by mail, not in any manner. Decl. of Joseph Guy at ¶¶ 3, 6, 7. Mr. Guy was never afforded a witness fee or mileage tender as Rule 45(b)(1) requires.

9.      On April 30—Mr. Guy's last day of federal employment—plaintiffs filed an emergency motion in the N.D. Cal. action seeking to "deem" service complete by virtue of email transmission to DOJ counsel under Federal Rule of Civil Procedure 5(b)(1).

10.     Mr. Guy was not a party to the N.D. Cal. action. He had no counsel. He received no notice of the emergency motion. He was given no opportunity to brief, oppose, or be heard.

11.     On May 1, at 5:55 p.m. Pacific Time (8:55 p.m. Eastern Time)—a Friday night before the Monday morning deposition—Judge Susan Illston of the N.D. Cal. court entered the Order. The Order: (a) "Deemed" the subpoena served and effective based on transmission to DOJ counsel pursuant to Rule 5(b)(1) and Rule 45; (b) Ordered Mr. Guy to appear for deposition on May 4; and (c) Ordered Mr. Guy to bring his personal cell phone to the deposition and to submit it to a search by DOJ counsel using broad search terms previously applied to government ESI custodians. Ex. 2.

12.     Mr. Guy retained undersigned counsel on May 2. Decl. of Joseph Guy at ¶ 3.

13.     On May 3, a Sunday, a Department of Justice attorney came to Mr. Guy's home in Alexandria, Virginia to conduct the ordered search of Mr. Guy's

4

personal phone. *Id.* at ¶ 4. Under protest and to avoid contempt, Mr. Guy submitted to the search, with undersigned counsel present. *Id.*

14.    On May 4, Mr. Guy appeared with counsel for the ordered deposition, also under protest and under threat of contempt. *Id.* at ¶ 5. The first time Mr. Guy laid eyes on the subpoena that was purportedly served on him was when it was placed in front of him as an Exhibit. *See* Decl. of Joseph Guy at ¶ 6.

15.    During the May 4 deposition, Plaintiffs' counsel required Mr. Guy to unlock his personal cell phone, which he only had with him under threat of contempt, and to read off the names, participants, and other metadata of his group chats. *Id.* at ¶ 5. He did this over objection, under the reasonable fear of being held in contempt. *Id.*

16.    During the May 4 deposition, Plaintiffs filed another emergency request, asking the court for an additional half-day to continue the deposition of Mr. Guy. The N.D. Cal. court entered an order that evening, after Mr. Guy had already sat for 6.5 hours *on the record*, granting the additional half-day. Ex. 3 at 2.

17.    On May 5, Judge Illston held an emergency conference in response to other discovery disputes raised by Plaintiffs and DOJ, during which, undersigned counsel put on the record the failure of Plaintiffs to ever serve Mr. Guy with a subpoena, the fact that DOJ was never given authority by Mr. Guy to accept a subpoena on his behalf, that Mr. Guy was and is outside the jurisdiction of that court and that his due process and Fourth Amendment rights had been grossly violated. Judge Illston, unmoved, ordered Mr. Guy to appear for his continued deposition on **May 8**. She subsequently memorialized that with a written order. Ex. 4.

18.    On May 6, Plaintiffs' counsel emailed all counsel, notifying them of a change in the place of compliance. Instead of holding the continued deposition at their office in D.C., it would be held remotely. Ex. 5 at 4.

19.     Subsequently, undersigned attempted to meet and confer with Plaintiffs' counsel regarding this emergency motion, first calling her office, and then following up with an email, articulating the basis for quashing service. *Id.* at 3. Plaintiffs' counsel responded, claiming that the motion was "frivolous" and included in the email as an attachment a new subpoena for the continued deposition on May 8, stating as the place of compliance, "Remote Deposition." *Id.* at 2; Ex. 6.

20.     Plaintiffs' counsel erroneously asserted that because undersigned is Mr. Guy's "current counsel," that therefore Plaintiffs "have now served Mr. Guy yet again." Ex. 5 at 2. Undersigned was not authorized to accept service of said subpoena, and promptly notified Plaintiff's counsel of same. *Id.*

21.     Mr. Guy now moves to quash the purported service of the original subpoena, the subsequent subpoena, and any further compelled compliance.

## III.   Argument

### A.     This is the proper court to hear this motion.

Rule 45(d)(3) provides that motions to quash a subpoena are decided by "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). Mr. Guy resides in the Eastern District of Virginia, and while he was originally compelled to attend the deposition in D.C., the resulting search of his personal phone—ordered by the N.D. Cal. court based on the jurisdiction supposedly conferred by this subpoena—occurred at his home in Alexandria, Virginia. More importantly, Plaintiffs have changed the place of compliance for the continued deposition to occur remotely. The place of compliance is, therefore, the location of where Mr. Guy will be answering questions, which would either be his home or the office of his counsel, both of which are located in Alexandria, Virginia. *See* Fed. R. Civ. P. 30(b)(4) ("[remote] deposition takes place where the deponent answers the questions."); *Chen v. FBI*, No. 22-mc-74-CRC, 2022 WL 17851618, *3 (D.D.C., Oct.

18, 2022). Therefore, this Court has authority and obligation to address the validity of the subpoena. Fed. R. Civ. P. 45(d)(3)(A).

> ### B.     The subpoena must be quashed because it was never served as Rule 45 Requires.

Rule 45(b)(1) is unambiguous: "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

The "named person" is Mr. Guy. He was never delivered a copy. No witness or mileage fee was ever tendered to him. Service is therefore facially defective. *See CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983). ("A subpoena that does not strictly comply with Rule 45(b) is invalid.").

The N.D. Cal. Court's reliance on Rule 5(b)(1) as a substitute for Rule 45 service is legally erroneous. Rule 5 governs service of "pleadings and other papers" between *parties* in a pending action. A non-party witness is not a party, and a Rule 45 subpoena is not a Rule 5 paper. The Advisory Committee Notes and uniform case law confirm that Rule 45's personal-delivery requirement is independent of Rule 5. *See* 9 Moore's Federal Practice § 45.21[1] (3d ed.). Rule 5(b)(1) only addresses how papers are served on a *represented party* through that party's *attorney of record*—it has no application to compelling a non-party to a lawsuit.

The N.D. Cal. Court's "deemed service" order is, in effect, an attempt to manufacture service that never occurred—against a non-party, by ipse dixit, retroactively, and on an ex parte basis. Rule 45 does not permit that, and the subpoena must be quashed.

7

### C. The Order was entered without notice or opportunity to be heard, in violation of due process.

Mr. Guy was never given notice of plaintiffs' April 30 emergency motion. He had no counsel. He had no opportunity to oppose. The N.D. Cal. court entered an order compelling his personal appearance, the production of his personal cell phone, and a search of that phone by the Department of Justice—on a Friday evening, less than three days before the deposition.

The deprivation of property rights and personal liberty in the form of a coerced deposition, search, and seizure of a personal device, without notice or any opportunity to be heard, violates fundamental due process. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). That defect is independently sufficient grounds to quash. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv).

### D. The Order compelling a search of Mr. Guy's personal cell phone violates the Fourth Amendment and Rule 45.

Even if the subpoena had been validly served (it was not), the order compelling Mr. Guy to surrender his personal cell phone for search by DOJ attorneys, without any due process, is unprecedented and unconstitutional. A modern cell phone contains "the privacies of life"—text messages, photographs, location history, financial records, medical information, communications with counsel, and intimate personal data. *Riley v. California*, 573 U.S. 373, 403 (2014). The Supreme Court has held that searches of cell phones implicate the most sensitive privacy interests protected by the Fourth Amendment. *Id.* at 393–97. A Rule 45 subpoena cannot serve as a vehicle to commandeer a non-party's personal device for an open-ended forensic examination by the government. *See Henson v. Turn, Inc.*, No. 15-cv-01497, 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018) (compelled production of mobile devices for forensic imaging "is highly intrusive" and cannot be ordered absent a particularized showing). Indeed, the very court that

issued the Order has elsewhere recognized the seriousness of compelled mobile-device discovery.

The Order disregards these protections. It (1) was directed at a non-party; (2) ordered him to surrender his personal phone to *the government*; and (3) required no showing of relevance, proportionality, or unavailability of the data from any other source. These are precisely the abuses that Rule 45(d)(3)(A)(iii)–(iv) and Rule 26(c) exist to prevent.

The intrusion is particularly egregious because Mr. Guy was forced to comply *before* he could challenge the Order, on threat of contempt, and because the search was conducted by DOJ counsel whose loyalties run to the United States, not to Mr. Guy. The result is a de facto warrantless search of a private citizen's phone. To the extent any further compelled production or search is contemplated for any future deposition, this Court should quash and enter a protective order forbidding it. Fed. R. Civ. P. 26(c)(1).

### E.    The subpoena imposes an undue burden under Rule 45(d)(3)(A)(iv).

Rule 45(d)(3)(A)(iv) requires quashing a subpoena that "subjects a person to undue burden." The burden here—forced production of a personal device to government counsel, ex parte order, no opportunity to be heard, ongoing compelled testimony scheduled for May 8—plainly satisfies the undue-burden standard, particularly for a non-party. *See Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007) ("the status of a person as a non-party is a factor that weighs against disclosure"); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight").

F.    Plaintiffs' Counsel's examination of Mr. Guy's personal cell phone at the May 4 deposition far exceeded the scope of the Order and independently warrants the return (and preservation) of any records obtained, or at least a designation of their confidentiality.

The May 1 Order—however legally infirm—was at least cabined in scope. It required Mr. Guy to bring his personal cell phone to the deposition and required *DOJ counsel* to conduct a pre-deposition search using specified keyword terms drawn from the DHS ESI custodian protocol. *See* Ex. 2. Nothing in the Order authorized plaintiffs' counsel to convert the deposition itself into a live, on-the-record forensic browse of Mr. Guy's personal device.

Yet that is precisely what occurred. During the May 4, 2026 deposition, plaintiffs' counsel directed Mr. Guy to unlock and open his personal cell phone on the record and compelled him to read aloud the names, participants, and identifying details of multiple personal group-message chats. Mr. Guy complied because he reasonably understood that any refusal would expose him to contempt.

After the deposition, despite the transcript being marked CONFIDENTIAL, Plaintiffs' counsel divulged this personal and private information on the public docket, ensuring that it would be discussed in the media.

This conduct independently warrants quashing the subpoena and suppressing the resulting deposition record—or at least ordering that the data be treated as confidential.

First, the examination exceeded the four corners of the May 1 Order. A court order authorizing a narrow, keyword-based pre-deposition search by DOJ counsel does not authorize plenary live examination of the device's contents by adversary counsel at the deposition itself. *See Henson v. Turn, Inc.*, 2018 WL 5281629, at *5–6 (N.D. Cal. Oct. 22, 2018).

Second, the examination was an unreasonable search and seizure of Mr. Guy's personal effects in violation of the Fourth Amendment. A modern cell phone is

10

not just an object; it is "the privacies of life." *Riley v. California*, 573 U.S. 373, 403 (2014). Compelled, on-the-record exposure of a private citizen's group chats, contact lists, and personal communications—conducted at the direction of opposing counsel under threat of contempt—is the digital analog of the "general warrant" the Fourth Amendment was enacted to forbid. *See id.* at 393–97, 403. That this was accomplished through the mechanism of a deposition rather than a police raid does not save it; the coercive force was identical.

Third, this Court has inherent authority to remedy abuses of the discovery process. Rule 26(c) authorizes any "order to protect a party or person from annoyance, embarrassment, oppression, or undue burden," including orders forbidding the disclosure or use of discovery, requiring its return, or limiting its scope. Fed. R. Civ. P. 26(c)(1)(A)–(D).

The appropriate remedy in this case would be to order that (1) all portions of the transcript reflecting the contents, participants, names, or metadata of group chats and personal communications drawn from Mr. Guy's personal cell phone at the May 4 deposition be marked and treated as confidential, (2) prohibit plaintiffs and their counsel from using, referring to, disclosing, or relying upon any information derived from that improper examination, in any forum, and for any purpose, and (3) prohibit any repetition of such examination at any future deposition.

Without such relief, the harm of the May 1 Order—itself entered in violation of Rule 45 and due process—will be compounded indefinitely. Once private communications with non-party friends and colleagues are recorded in a deposition transcript and exhibits, the bell cannot be unrung absent affirmative court intervention.

11

G.    **Emergency relief is warranted.**

The continued deposition is set for May 8, 2026. Without immediate relief, Mr. Guy will be required to appear, again under threat of contempt, pursuant to a subpoena that was never served on him, that compelled an unconstitutional search of his cell phone, and that was entered without notice. Emergency relief is necessary to preserve Mr. Guy's rights and to prevent further irreparable injury.

IV.    **Relief Requested**

For the foregoing reasons, Mr. Guy respectfully requests that this Court:

1.  **QUASH** the purported Rule 45 subpoena issued in *American Federation of Government Employees, AFL-CIO, et al. v. Trump, et al.*, No. 25-cv-3698-SI (N.D. Cal.);

2.  **ENTER A PROTECTIVE ORDER** under Rule 26(c) prohibiting any further compelled deposition testimony of Mr. Guy, and any further search, seizure, imaging, or production from his personal cell phone or other personal property, pursuant to the May 1, 2026 Order or any subpoena unaccompanied by valid Rule 45 service;

3.  **ORDER** plaintiffs' counsel, the deposition court reporter, and the deposition videographer to mark as confidential in the May 4, 2026 deposition transcript, video recording, audio recording, exhibits, working files, and any rough or draft transcripts all portions reflecting the contents, participants, names, identifying information, or metadata of any group chats, individual messages, contacts, or other materials drawn from Mr. Guy's personal cell phone during the deposition, and;

4.  **PROHIBIT** plaintiffs, their counsel, and any person acting in concert with them from using, referring to, quoting, summarizing, disclosing, filing, or

otherwise relying upon any information derived from the May 4, 2026 examination of Mr. Guy's personal cell phone, in this litigation or in any other proceeding;

5. **PROHIBIT** any further examination of, reference to, or compelled production from Mr. Guy's personal cell phone or other personal electronic devices at any future deposition or proceeding, absent further order of this Court entered after notice and opportunity to be heard;

6. **STAY** any further compliance—including the May 8, 2026 continued deposition—pending resolution of this Motion; and

7. **GRANT** such other relief as the Court deems just and proper.

Dated: May 6, 2026                                  Respectfully submitted,

*/s/ Jason C. Greaves*
Jason C. Greaves, VSB No. 86164
Jesse R. Binnall, VSB No. 79292
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: jesse@binnall.com
          jason@binnall.com

*Counsel for Joseph Guy*

## MEET AND CONFER CERTIFICATION

I certify that I attempted to confer with Respondent's counsel in a good faith effort to narrow the area of disagreement. I telephoned her office this afternoon and emailed her, as reflected in Exhibit 5. I provided my cell phone number and offered to discuss the requested relief. Unfortunately, Respondent's counsel responded by threatening to seek sanctions. Ex. 5.

/s/ Jason C. Greaves
Jason C. Greaves

*Counsel for Joseph Guy*

## CERTIFICATE OF SERVICE

I certify that on May 6, 2026, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, and emailed directly to respondent's counsel as follows:

Danielle Leonard
Elle Eshleman
Jessica Levy
Stacey Leyton
BJ Chisholm
ALTSHULER BERZON LLP
dleonard@altshulerberzon.com
eeshleman@altshulerberzon.com
jlevy@altshulerberzon.com
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com

Tsuki Hoshijima
DEMOCRACY FORWARD
thoshijima@democracyforward.org

*Counsel for Respondent*

/s/ *Jason C. Greaves*
Jason C. Greaves

*Counsel for Joseph Guy*