Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH GUY,<br><br>    Petitioner,<br><br>  v.<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO,<br><br>    Respondent. | Case No. 3:26-mc-80146<br>Case No. 3:25-cv-03698-SI<br><br><br>**PLAINTIFFS' RESPONSE TO JOSEPH GUY'S MOTION TO QUASH AND FOR PROTECTIVE ORDER** |

**INTRODUCTION**

This Court ordered the continued deposition of former Department of Homeland Security ("DHS") Deputy Chief of Staff ("DCOS") Joseph Guy for good reason.  Mr. Guy undeniably played an important role in the events at issue, admitted to taking actions that resulted in the loss of Signal data relevant to those issues, and was properly served through Defendants' counsel.

Mr. Guy is one of three individuals at DHS identified by Defendants as having been involved in decision-making about FEMA's CORE employees.  On the first day of his deposition, Mr. Guy revealed the existence of twenty-seven FEMA-related Signal group chats with other federal officials on his personal phone that had not previously been disclosed by Defendants, despite Plaintiffs' repeated requests for such information and the Court's orders that such communications be produced.  Mr. Guy also revealed that he attempted to "reinstall" the Signal application on that phone just days before his deposition, resulting in the loss of data from his Signal application regarding these work-related communications.  Plaintiffs had to spend a large part of the first day of Mr. Guy's deposition exploring the existence of, and the loss of, these communications.  In addition, Defendants' failure to comply with the Court's order to produce relevant documents before the commencement of Mr. Guy's deposition (including evidence of meetings and phone conversations between FEMA officials and Mr. Guy) prejudiced Plaintiffs' ability to seek testimony about those documents, requiring a continuation of his deposition.  The information revealed by Mr. Guy, and materials produced by Defendants after Mr. Guy's first day of deposition, are directly relevant to the issue of DHS decision-making for the recent events involving FEMA, which are the subject of Plaintiffs' claims and preliminary injunction motion.

After Mr. Guy sat for the first day of his deposition, and after this Court heard his objections to the continued deposition and nonetheless ordered him to appear for another half day, Mr. Guy sought the intervention of another federal district court to contest this Court's orders. That district court correctly transferred this matter back to this Court.  In his motion, Mr. Guy misrepresented events relating to his personal cell phone, which his deposition testimony showed he was using for federal government business, and attempted to portray the Court's well justified discovery orders as unreasonable "searches" in violation of the Fourth Amendment.

This Court should deny Mr. Guy's motion, which is styled as a motion to quash his deposition subpoena and for a protective order, but which effectively seeks reconsideration of this Court's order requiring his continued deposition. Because this Court has already ordered Mr. Guy to appear for both the first day of his deposition and the half-day continuation, the relevant question is not whether the deposition subpoena was properly served in the first instance but whether this Court should reconsider its orders requiring him to appear. Mr. Guy provides this Court with no good reason for the Court to reconsider. There is no dispute that Mr. Guy played an important role in the government actions under challenge. And the additional deposition time is necessitated in large part by the conduct of Mr. Guy himself, as well as other FEMA and DHS officials, and their practice of seeking to conceal official agency communications, including through disappearing Signal messages on their personal phones. Mr. Guy's due process and Fourth Amendment objections lack merit because his interests have been represented before this Court by counsel for Defendants (through the end of his federal employment on April 30, 2026), and subsequently by his personal counsel, and the discovery sought pertains to Defendants' official federal records and actions and Mr. Guy's conduct as a federal employee. The additional requests for relief in the form of a protective order are equally meritless and should likewise be rejected.

Plaintiffs therefore respectfully request that this Court deny Mr. Guy's motion in its entirety. Plaintiffs submit that this matter can be resolved on the papers.

## BACKGROUND

Until April 30, 2026, Mr. Guy was a high-ranking official at one of the Defendants in this case (until late March, the DCOS at Defendant DHS, and then the Chief of Staff to a special envoy at Defendant Department of State). At all times, Defendants DHS and State have been represented by Defendants' counsel, and Defendants' counsel litigated the issues pertaining to Mr. Guy's properly noticed deposition.

This Court has issued multiple orders addressing Mr. Guy's appearance at his deposition and the production of Mr. Guy's FEMA-related communications with other DHS and FEMA officials using his personal phone. A brief history of the relevant events and orders follows.

Following the hearing on Plaintiffs' motion for a preliminary injunction, at which Defendants' counsel made representations that contradicted the declaration Defendants had submitted, the Court issued an expedited discovery order. ECF 321. That order, issued March 3, required Defendants, among other things, to produce "documents related to the renewals/nonrenewals of CORE employees" and to submit a sworn declaration identifying "the individual(s) involved in the decisions regarding the renewal of the CORE employees who defense counsel referenced at the hearing." *Id.* In response to that order, Defendants identified Mr. Guy, then-DHS DCOS, as one of three DHS officials who had been involved in the challenged decisions about FEMA personnel. ECF 327-1; ECF 321 at 2.

Plaintiffs took the depositions of FEMA Senior Official Performing the Duties of Administrator Karen Evans, FEMA Chief Human Capital Officer (CHCO) La'Toya Prieur, and DHS CHCO Roland Edwards, each of whom testified as to Mr. Guy's involvement in relevant events and decisions. Plaintiffs therefore served Defendants with a deposition notice for Mr. Guy on April 10, 2026. ECF 350 at 15 & n.14; ECF 350-1 at 3–4. By that time, Mr. Guy had moved from DHS to Defendant State Department. Defendants objected to continued discovery and sought to prevent Mr. Guy's deposition, but the Court ordered that Mr. Guy's deposition "shall take place the week of April 27, 2026 or the following week." ECF 351 at 1–2. Based on evidence that Mr. Guy and other government employees had "used their personal cell phones for business purposes regarding FEMA," including through disappearing messages on the Signal application, the Court also ordered Defendants to produce responsive communications from personal phones that had been used for government business by no later than April 29, 2026. *Id.* at 4.

Plaintiffs informed Defendants that they intended to depose Mr. Guy during the week of May 4 given the Court's production deadline of April 29, 2026 for further documents. On the evening of Friday, April 24, 2026, Defendants informed Plaintiffs for the first time that "Mr. Guy is imminently departing from the State Department, and his final day of federal employment is Thursday, April 30." ECF 356-2 at 7. Defendants told Plaintiffs that "the only means for Plaintiffs to compel his attendance at a deposition after April 30 would be through service of a subpoena under Rule 45." *Id.*

On the morning of Monday, April 27, 2026, Plaintiffs served then-federal official Mr. Guy, through counsel for Defendants, with both a revised deposition notice for May 4, 2026 and the requested Rule 45 subpoena requiring Mr. Guy to appear for a May 4, 2026 deposition.  ECF 356-2 at 5–6.  Plaintiffs stated, "Given that [Mr. Guy] currently remains an employee of a Defendant, we believe the revised notice of deposition pursuant to Rule 30 is sufficient.  However, in light of your request, we have also attached a Rule 45 subpoena and accompanying notice." *Id.* at 6.

After the parties raised a dispute about whether Plaintiffs had properly served Mr. Guy with his deposition subpoena, the Court ordered Defendants to "accept service of Guy's deposition notice."  ECF 358 at 2.  Defendants again refused to acknowledge service, ECF 360 at 1–2, and the Court then issued a further order stating the following:

> This Order clarifies the deposition notice and subpoena issued to Guy are deemed served and are effective, based on service on defense counsel while Guy was still in government employment, pursuant to Federal Rules of Civil Procedure 5(b)(1) and 45. Guy is ORDERED to appear for his deposition on May 4, 2026.

ECF 362 at 1.  With respect to production of official government communications on Mr. Guy's personal phone, the Court found Defendants' searches to be noncompliant with its prior orders and ordered another search prior to his deposition.  ECF 358 at 1 & n.1; ECF 362 at 1–2.  The Court also ordered Mr. Guy (through his then-current counsel, Defendants' counsel) to submit a declaration describing his preservation of documents, which he did on April 30, 2026.  ECF 359-1. Mr. Guy stated that he understood that the Court had issued orders about searches on his personal phone for FEMA-related communications, and he represented that "Signal messages on my personal device were not preserved."  ECF 359-2.

Mr. Guy appeared for his deposition on May 4, 2026.  He was represented by personal counsel, Jason Greaves, and counsel for Defendants also appeared.  Guy Dep. Trans. 3:14-24 (submitted in camera on May 5, 2026, ECF 375).  Mr. Guy stated that he did not remember receiving a copy of the subpoena but that he may have; in any case, he affirmed that he had actual knowledge of this Court's orders requiring him to appear.  *Id.* 26:7-27:9, 24:13-18.[1]  At the

---

[1] In a subsequent declaration, Mr. Guy stated that "[t]he first time [he] ever saw the subpoena in

deposition, after repeatedly claiming that he did not remember any work-related communications about FEMA on his personal phone, Mr. Guy eventually revealed that his personal phone had dozens of FEMA-related Signal group chats with other government employees and that he recently had performed operations on his phone that had caused the destruction of data on the Signal application. *Id.* 69:4-13, 83:18-86:6, 140:10-142:13, 152:24-154:24, 159:24-163:9; ECF 375.

This Court had also ordered Defendants to produce additional materials from Ms. Evans prior to Mr. Guy's deposition. ECF 362. Previous deposition testimony had revealed regular meetings between Ms. Evans and Mr. Guy, and Ms. Evans failed to produce complete records, in particular her handwritten notes, regarding those meetings. ECF 360 at 4. Defendants' failure to comply with this Court's discovery orders prior to Mr. Guy's deposition prevented Plaintiffs from questioning Mr. Guy about these records.

Plaintiffs sought further relief from this Court, including the further production of responsive documents and continuation of Mr. Guy's deposition. ECF 368 at 3–7; ECF 375. On May 4, 2026, this Court authorized Mr. Guy's deposition to continue for another half day. ECF 370 at 2. This Court also set a further hearing for the following day, May 5, 2026. ECF 370 at 1.

Mr. Guy's personal counsel, Mr. Greaves, appeared at the May 5, 2026 hearing. May 5, 2026 Hearing Trans. 6:23–8:18, 22:18–24. Mr. Greaves asked the Court to revoke the order continuing the deposition and took the position that his client had never been served with a subpoena, notwithstanding this Court's prior orders to the contrary. *Id.* 22:22–24:6. This Court questioned Mr. Greaves about whether Mr. Guy would appear for the continuation of his deposition. *Id.* 24:6–14. Mr. Greaves represented that his client would comply with any order issued by the Court. *Id.* 26:18–27:16. Following the hearing, the Court issued an order that "Joseph Guy is ORDERED to appear for his continued deposition scheduled for the afternoon of May 8, 2026." ECF 381.

On the evening of May 6, 2026, Mr. Guy filed an emergency motion to quash subpoena and

---

this case was when it was placed in front of [him] at the deposition on May 4." Guy Decl. ¶6, *Guy v. AFGE*, No. 1:26-mc-00008 (E.D. Va. May 6, 2026), ECF 1-2. That declaration is inconsistent with his deposition testimony that he may have seen the subpoena but did not remember.

for protective order in the Eastern District of Virginia. *Guy v. AFGE*, No. 1:26-mc-00008 (E.D. Va. May 6, 2026), ECF 1. Plaintiffs filed an opposition the next morning, asking that the Eastern District of Virginia deny the motion or, alternatively, transfer the motion to this Court under Federal Rule of Civil Procedure 45(f). *Guy*, ECF 2. Later on May 7, 2026, the Eastern District of Virginia transferred the matter to this Court, *Guy*, ECF 5, where it was docketed as *Guy v. AFGE*, No. 3:26-cv-80146 (N.D. Cal.).

Also on May 7, 2026, this Court granted Defendants' request to postpone the continuation of Mr. Guy's deposition until May 15, 2026. ECF 386 at 2. The Court ordered Plaintiffs to file this response as to the merits of Mr. Guy's motion to quash and for a protective order. *Id.*

## ARGUMENT

### I.     The Court's order allowing a continuation of Mr. Guy's deposition was justified by good cause.

The Court ordered the continued deposition of Mr. Guy after the first day of his deposition revealed, for the first time, two key facts: first, that Mr. Guy had dozens of FEMA-related Signal group chats on his personal phone; and second, that Mr. Guy had recently attempted to "reinstall" the Signal application, resulting in loss of data from Signal. In addition, minutes before the start of Mr. Guy's deposition, Defendants informed the Court and Plaintiffs that they would not produce the documents the Court had ordered them to produce, including directly relevant communications and documents pertaining to Mr. Guy, by the time of the deposition. ECF 364.

Plaintiffs' ability to depose Mr. Guy was prejudiced by Defendants' failure to disclose relevant communications and by Mr. Guy's actions. Plaintiffs have repeatedly sought the preservation and production of Signal messages from DHS and FEMA officials' personal phones, including from Mr. Guy, throughout this expedited discovery period. The existence of these Signal messages would have been disclosed two months ago if Defendants had properly investigated the location of all responsive communications at the outset and collected and produced the documents. But at every turn, Defendants have resisted, first by refusing to admit the existence of these responsive communications and then by refusing to search for them or disclose them.

On March 6, 2026, just days after the Court's initial expedited discovery order requiring production of communications related to the renewal/nonrenewal of CORE employees, ECF 321, Plaintiffs asked that Defendants' searches include "electronic communications including through Signal and other messaging platforms." ECF 327 at 1. Plaintiffs again raised the issue on March 19, 2026, after Defendants refused to search for any phone or Signal communications and did not answer Plaintiffs' question "whether Signal messages have been properly preserved." ECF 332 at 1-2 & n.2. At the time, Defendants deflected on the basis that Plaintiffs had not "provided evidence that any custodian engaged in messaging on Signal." ECF 333 at 5 & n.3.

On March 20, 2026, the Court ordered the production of electronic phone communications from certain individuals including Mr. Guy. ECF 336 at 1. On March 23, 2026, Plaintiffs asked Defendants to confirm that their searches under that order "will include personal phones used for government business," but Defendants declined to so confirm. ECF 337-1 at 2. Plaintiffs' concerns were substantiated when Karen Evans admitted at her March 31, 2026 deposition that she and other DHS and FEMA officials, including Mr. Guy, communicated with each other using Signal messages on their personal phones. ECF 341.

Defendants then tried to wash their hands of the matter by claiming that even if high-level DHS and FEMA officials had regularly used their personal phones for official government communications, Defendants still could not be required to produce those communications. ECF 344 at 14. That position would have rewarded Defendants for violating Federal Records Act requirements and concealing official government business. ECF 341 at 9-11. The Court, stating that it was "seriously troubled" by this potential violation of the Federal Records Act and that the personal phones were within Defendants' control under Federal Rule 34(a), ordered the production of responsive government communications on the personal phones of specified officials including Mr. Guy. ECF 351 at 4. When Defendants, without explanation, failed to comply, ECF 356, 358 at 1 n.1, the Court again ordered Defendants to comply, ECF 358 at 1. Defendants finally responded by describing Mr. Guy's "self-search" of his personal phone, ECF 359-1 at 2, and the Court then ordered a proper search to be performed, ECF 362.

On Monday, May 4, 2026, Defendants filed a notice claiming that a search of the Signal application on Mr. Guy's phone had "zero" hits for the term FEMA. ECF 364-2 at 5 (¶10); *see also id.* ¶¶7-8 (Mr. Hall and Mr. Greaves present during search). Mr. Guy confirmed in his deposition that prior to this filing he had informed Defendants' counsel (as well as his personal counsel) of his recent re-installation of Signal that resulted in the deletion of content within his Signal application. Guy Dep. Trans. 87:16–90:24, 100:17–24, 152:16–23. Nonetheless, Defendants' notice and declaration did not reveal these actions or the resultant loss of data to this Court when they represented that Mr. Guy's phone lacked responsive material. ECF 364. That information, and the presence of multiple Signal chats with "FEMA" in their title, was revealed only through Plaintiffs' questioning of Mr. Guy at his deposition.

Given this history, a continued deposition of Mr. Guy was plainly justified. And when the first day of his deposition showed that the Defendants had all along been hiding relevant Signal communications on the personal phones of high-level DHS and FEMA officials, the Court correctly determined that a half-day continuation of the deposition was warranted and ordered Mr. Guy to appear for that continuation.

While Defendants' failure to comply with their document production obligations alone justifies continuing this deposition, there is additional good cause for its continuation. After the commencement of Mr. Guy's deposition, Defendants produced never-before-revealed information regarding Mr. Guy's communications with FEMA. On May 7, 2026, three days after Mr. Guy's deposition, Defendants produced additional pages of Ms. Evans' planner notes (including pages on which they lifted prior redactions). Hoshijima Decl. ¶9. Those documents, which were responsive to multiple Court orders, including the order to produce those notes prior to Mr. Guy's deposition, ECF 362 at 2, include more information about meetings between Ms. Evans and Mr. Guy on key dates. In just one example, the production included notes showing that Ms. Evans had met with Mr. Guy on December 29 and December 30, 2025—immediately prior to the commencement of

the non-renewal of CORE employees.  Defendants had redacted that information when they previously produced the planner notes for those dates.[2]

## II. Mr. Guy's motion does not present good reasons for the Court to reconsider its order allowing his deposition to continue.

There is no basis for this Court to reconsider its order permitting the continuation of Mr. Guy's deposition, especially given that there is no dispute that Mr. Guy was a high-level agency official involved in the challenged decisions and where a primary reason that additional deposition time has become necessary is the practice of Mr. Guy and his fellow high-level government officials of trying to conceal their official agency communications through disappearing Signal messages on their personal phones.

Mr. Guy, despite agreeing through personal counsel to appear at his continued deposition if so ordered by this Court, now asserts meritless objections based on claims of due process and Fourth Amendment violations.  As to due process, Mr. Guy has had adequate opportunities to be heard.  Until Thursday, April 30, 2026, he was employed as a high-level official of a federal agency Defendant in this litigation, and his interests in this matter were represented by Defendants' counsel.  More recently, Mr. Guy's personal counsel, Jason Greaves, appeared before this Court in

---

[2] Ms. Evans' notes that were produced on Wednesday of last week, after Mr. Guy's deposition, reflect meetings between Ms. Evans and Mr. Guy that were responsive to this Court's initial expedited discovery order (ECF 321, 328) but were not revealed in prior productions of Ms. Evans' notes by Defendants (either because of redactions or omissions of relevant pages).  Notes about these meetings were not produced in Defendants' initial productions on March 17 or 20, 2026, which included only a limited number of heavily redacted notes from Ms. Evans' planner.  They were not produced with the unredacted versions of those notes that the Court ordered produced after in camera review.  ECF 360 at 4.  They were not produced the morning of May 4, when Defendants represented that further production of notes was "impossible" because the planners were at her residence.  ECF 364.  Defendants then belatedly found copies of additional pages of December and January notes in counsel's possession and produced them later that afternoon.  ECF 373 at 2.  However, this late production was still not a complete set, and Defendants' counsel continued to redact responsive material regarding meetings with Mr. Guy on the pages that were produced.  It was only after the Court ordered that Ms. Evans's complete day planner materials be produced to plaintiffs by May 7, 2026 at 7:00 p.m., ECF 377, that Defendants finally produced notes reflecting more meetings with Mr. Guy.  The failure to produce these directly relevant materials prior to the recent depositions allowed all of Defendants' witnesses, including Mr. Guy, to claim that they lacked recall of certain meetings and communications.  Defendants have never explained why these responsive materials were withheld (and heavily redacted) from the start.

a hearing last week and objected to him having to appear for another half day, including based on the same Fourth Amendment arguments he raises in this motion. May 6, 2026 Hearing Trans. 23:24–24:6, 27:1–7. Mr. Greaves represented that his client would comply with any order the Court issued, *id.* 26:20–22, and, after hearing his objections, the Court issued an order that he appear for another half-day continuation of his deposition.

As to the Fourth Amendment, Mr. Guy misrepresents the scope of the Court's order and the search for responsive work communications on his phone, and he cites no authority suggesting that a judicial order enforcing civil discovery rules can constitute a violation of the Fourth Amendment. As a threshold issue, even if the Fourth Amendment were to apply to civil discovery, it protects only against "unreasonable" searches and seizures, and the Court's order enforcing Defendants' discovery obligations under the Federal Rules was not unreasonable. *Lease v. Fishel*, No. CIV.A 1:07-CV-0003, 2009 WL 922486, at *5 (M.D. Pa. Apr. 3, 2009) (Federal Rules of Civil Procedure "help ensure that civil discovery does not run afoul of the Fourth Amendment"); *United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 102 (S.D.N.Y. 1979) ("It strains common sense and constitutional analysis to conclude that the fourth amendment was meant to protect against unreasonable discovery demands made by a private litigant in the course of civil litigation."); *see also id.* at 102 n.7 (suggesting that "the civil discovery rules are, on their face, constitutionally 'reasonable'"). After all, the Court's orders were the only available way to enforce Defendants' discovery obligations as to the significant volume of official government communications that DHS and FEMA officials conducted on personal phones that are otherwise unavailable.

Moreover, the sworn statement provided by Defendants' paralegal and the transcript of Mr. Guy's deposition make clear that Mr. Guy was asked only to provide communications related to his government service and responsive to the Court's discovery order. First, the search, which was in the presence of Mr. Guy's personal counsel, was designed to identify communications about official FEMA business. ECF 364-2 ¶¶7-9. There is no evidence that this search implicated personal, non-work communications. Second, at Mr. Guy's deposition, Mr. Guy's personal attorney *agreed* to have his client read off the names of Signal chats from his personal phone. *See infra* at 12.

Nor does Mr. Guy's argument about service of the subpoena warrant reconsideration of the Court's orders, which require Mr. Guy's appearance independently of any question regarding service of the original subpoena through Defendants' counsel.  In any case, the Court has already resolved that question and Mr. Guy presents no basis for reconsideration.  Defendants—while Mr. Guy was in their employ as a high-level official—argued to the Court that Mr. Guy was not properly served, and the Court resolved that issue against them, agreeing with Plaintiffs that service was proper "based on service on defense counsel while Guy was still in government employment." ECF 362 at 1; *see* ECF 356 at 2; ECF 357 at 1–2; ECF 358; ECF 359 at 1; ECF 360 at 1–2.  Mr. Guy re-raised those arguments at the hearing last week, and the Court again rejected them.  May 6, 2026 Hearing Trans. 22:22–24:6, 26:24–27:7; ECF 381.  Mr. Guy does not develop any legal argument that was not previously presented to the Court and, troublingly, relies on legal authority and quotations that do not appear to be supported by the cases cited.[3]

**III.    No protective order over Mr. Guy's deposition testimony is warranted.**

In addition to challenging the Court's order that he appear for a continuation of his deposition, Mr. Guy seeks a retrospective remedy: a protective order that would maintain confidentiality over the portions of his deposition "drawn from Mr. Guy's personal cell phone

---

[3] Mr. Guy's motion cites a Ninth Circuit case about Federal Rule of Civil Procedure 45 that was not previously cited to the Court, but the quotation that Mr. Guy attributes to that case does not exist. *See* Mot. 7 ("A subpoena that does not strictly comply with Rule 45(b) is invalid." (quoting *CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983))).  Plaintiffs have been unable to find that sentence in any case, state or federal, on the Westlaw legal research database.  Mr. Guy also relies on "[t]he Advisory Committee Notes" and a section of the Moore's Federal Practice treatise, but neither appears to support the point for which they are cited.  Mot. 7.

There are other troubling misquotations and mischaracterizations of case law elsewhere in Mr. Guy's motion.  Two other direct quotations are nowhere to be found in the cases cited.  Mr. Guy quotes *Henson v. Turn, Inc.*, No. 15-cv-01497, 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018), to say that forensic imaging of phones "is highly intrusive," but no such language appears in that case.  Mot. 8.  Same with the quote attributed to *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007), that "the status of a person as a non-party is a factor that weighs against disclosure."  Mot. 9.

Mr. Guy also cites *Henson*, 2018 WL 5281629, at *5–6, to support a distinction between a pre-deposition search of his phone by Defendants' counsel and live examination at the deposition itself.  Mot. 10.  But *Henson*, although a case about inspection or production of cell phones, says nothing about depositions and cannot reasonably be read to support the distinction for which Mr. Guy cites the case.

during the deposition" and prohibit Plaintiffs from using the deposition testimony about his personal phone. Mot. 10–13. No such protective order is warranted.

Mr. Guy seeks this relief because he believes that the "plenary live examination of the device's contents by adversary counsel at the deposition itself" was particularly objectionable. Mot. 10. He also characterizes the deposition questioning as "a live, on-the-record forensic browse" of his phone. *Id.* Those characterizations are inaccurate. At no point did Plaintiffs' counsel take control of or search his phone. *See* Guy Dep. Trans. 132:6–12 ("[Ms. Leonard:] And we are going to ask Mr. Guy to look at his phone -- he doesn't have to show it to the camera or to us. We're going to ask Mr. Guy to look at the phone and talk about the chats that appear on his phone and identify them."). Mr. Guy's personal counsel consented to the approach that was taken on the record. *Id.* 135:5–9 (Mr. Greaves: Yes. So we are going to allow him to search his Signal app for groups related to DHS. And if you want to ask follow-up questions about those groups, I think that's probably fair."). Although Mr. Guy attempts to characterize his resulting testimony as being about "private communications with non-party friends and colleagues," Mot. 11, and "personal communications," *id.*, those are inaccurate characterizations. The questions that Plaintiffs then asked Mr. Guy were about FEMA-related Signal group chats with other DHS and FEMA officials, which are official government business. Guy Dep. Trans. 135:22-138:8, 140:10-143:6, 152:24-162:25; *see also id.* 54:6-56:2, 63:10-65:10, 71:9-18, 75:19-76:24, 77:9-25, 79:6-80:10 (introducing as exhibits screenshots from Signal groups containing DHS work); *id.* 121:13-123:25 (admission that there were work-related communications on the Signal chats).

This Court has already issued a protective order that governs confidentiality designations in this case, and no further protective order is warranted. ECF 261. Mr. Guy's personal counsel, who attended Mr. Guy's deposition on May 4, 2026, made an on-the-record invocation of the confidentiality designation process in the Court's existing protective order. Guy Dep. Trans. 255:14 (asserting confidentiality over Mr. Guy's home address, telephone number, and current employer). Respecting those confidentiality designations, Plaintiffs have not filed the transcript publicly and instead submitted it in camera. ECF 375. But Mr. Guy's counsel made no other confidentiality designation, and nothing else is properly confidential under the existing protective

order. After all, a protective order requires a showing that "particularized harm will result from disclosure of information to the public," *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002), and Mr. Guy has not shown particularized harm that arises from public disclosure of his testimony about official government communications about official government business.

Mr. Guy's testimony concerns actions and communications of government officials about government business. The fact that Mr. Guy and others conducted government business on their personal phones does not render these communications confidential, but exactly the opposite: the public record should contain relevant evidence regarding Defendants' actions in this matter, and there is no basis to hide this testimony from public view.

## CONCLUSION

The Court should deny Mr. Guy's motion and order him to appear for a half-day continuation of his deposition on May 15, 2026.

DATED: May 12, 2026                      Respectfully submitted,

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Robin S. Tholin
Elizabeth Eshleman
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

By: */s/ Danielle Leonard*

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION

P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*